Philip D. Stern
Andrew T. Thomasson
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1329
(973) 379-7500

*Attorneys for Plaintiffs, Angel Rivera and Angela Rivera, and all others similarly situated*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANGEL RIVERA, an individual; and ANGELA RIVERA, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC., a Utah Corporation; and JOHN AND JANE DOES 1 THROUGH 25,<br><br>Defendants. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, ANGEL RIVERA and ANGELA RIVERA ("Plaintiffs") on behalf of themselves and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of Defendants, SELECT PORTFOLIO SERVICING, INC. ("SELECT PORTFOLIO") and JOHN AND JANE DOES 1 THROUGH 25 (collectively "Defendants"), and allege the following:

## I. PARTIES

1. ANGEL RIVERA is a natural person.

2. At all times relevant to this lawsuit, ANGEL RIVERA was a citizen of the State of New Jersey and resided in the Township of Manchester, Ocean County, New Jersey.

3. ANGELA RIVERA is a natural person.

4. At all times relevant to this lawsuit, ANGELA RIVERA was a citizen of the State of New Jersey and resided in the Township of Manchester, Ocean County, New Jersey.

5. At all times relevant to this complaint, SELECT PORTFOLIO is a corporation existing pursuant to the laws of the State of Utah.

6. SELECT PORTFOLIO maintains its principal business address at 3815 South West Temple, Salt Lake City, Utah.

7. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

8. The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted, and, with knowledge that such practices were contrary to law, acted consistent with, oversaw, and engaged in the illegal policies and procedures, used by themselves and SELECT PORTFOLIO employees that are the subject of this complaint. Those Defendants personally control and engaged in the illegal acts, policies, and practices utilized by SELECT PORTFOLIO and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II.  JURISDICTION & VENUE

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331.

10. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of Plaintiffs occurred within this federal

judicial district, and because the Defendants are subject to personal jurisdiction in the State of New Jersey at the time this action is commenced.

### III.  PRELIMINARY STATEMENT

11. Plaintiffs, on their own behalf and on behalf of the class they seek to represent, bring this action for the illegal practices of Defendants which include, *inter alia*, using false, deceptive, misleading, unfair, and unconscionable practices in connection with their attempt to collect an alleged debt from Plaintiffs and others.

12. Plaintiffs allege that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

13. The FDCPA regulates the behavior of debt collectors attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692(a) & 1692(b). Consequently, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010) (internal quotes omitted); *Lesher v. Law Offices of Mitchell N. Kay, P.C.*, 650 F.3d 993, 996 (3d Cir. 2011); 15 U.S.C. § 1692(e).

14. The Act is not concerned with whether the consumer owes the debt, rather, "[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007)(internal citations omitted).

15. "Congress also intended the FDCPA to be self-enforcing by private attorney generals." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

16. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006). In this way, "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). For example, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455.

17. Except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

18. In prohibiting deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §§ 1692e(1)-(16). Among the *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. §1692e(2)(B); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

19. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8). Included among the *per se* violations prohibited in this section are the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f(1).

20. A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

21. The Plaintiffs seek statutory damages, attorney's fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiffs request an award of statutory, common law, punitive, and/or actual damages payable by Defendants.

### IV.  FACTS CONCERNING PLAINTIFFS

22. On or about January 1, 2009, Plaintiffs defaulted on a mortgage loan which was either owned and/or being serviced by Bank of America, N.A. concerning their primary residential property ("BoA Obligation").

23. The BoA Obligation arose out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

24. The alleged BoA Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25. Plaintiffs are each, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26. On or about July 9, 2015, the creditor of the BoA Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the defaulted debt to SELECT PORTFOLIO for collection.

27. SELECT PORTFOLIO is a "special servicer" of residential mortgage loans and seeks rating as such from rating agencies such as Fitch and S&P in order to obtain "special servicing" business.

28. In mortgage industry jargon, a "special servicer" is a servicer that specializes in handling delinquent and defaulted mortgage loans.

29. According to Fitch's rating opinion, as of June 30, 2015, SELECT PORTFOLIO had a special servicing portfolio that consisted of 33,895 residential mortgage loans totaling $4.8 billion.

30. SELECT PORTFOLIO regularly acquires servicing of loans that are delinquent or in default at the time of such acquisition.

31. SELECT PORTFOLIO acquires servicing of portfolios or groups of similar defaulted loans, rather than individual loans.

32. SELECT PORTFOLIO collects, and attempts to collect, delinquent and defaulted mortgage loans incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

33. SELECT PORTFOLIO contends the BoA Obligation is in default.

34. SELECT PORTFOLIO is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

35. On or about July 9, 2015, SELECT PORTFOLIO mailed Plaintiffs the notice attached as *Exhibit A*, advising that servicing of the purported BoA Obligation would be transferred to SELECT PORTFOLIO on July 16, 2015.

36. *Exhibit A* is a form document.

37. *Exhibit A* is sent by computerized processes when servicing of a loan is acquired by SELECT PORTFOLIO.

38. The BoA Obligation had already been discharged in a bankruptcy proceeding filed by Plaintiffs. [*See* Case No. 07-14068-NLW (D.N.J.)]. The bankruptcy had been filed as a Chapter 13, converted to a Chapter 7 in July 2009, and discharged in October 2009. The mortgage property, at 56 Cumberland Avenue, Verona, NJ ("Verona Property"), was abandoned in the bankruptcy. (*See Exhibit B*).

39. At the time of the bankruptcy, the note and mortgage was allegedly owned by Countrywide Home Loans, as shown by the proof of claim attached as *Exhibit C*.

40. The Verona Property was the Plaintiffs' residence prior to its abandonment, and the BoA Obligation had been obtained for the purpose of paying for such residence.

41. For reasons unknown to Plaintiffs, the records of SELECT PORTFOLIO showed the BoA Obligation as an ongoing, but defaulted, obligation in July 2015 (*See Exhibit D*).

42. On July 24, 2015, SELECT PORTFOLIO mailed Plaintiffs the notice attached as *Exhibit E*.

43. *Exhibit E* was the only document SELECT PORTFOLIO sent in an attempt to provide Plaintiffs "notice of debt" required by 15 U.S.C. §1692g.

44. It is the standard practice of SELECT PORTFOLIO to use a document in the form of *Exhibit E* as the only document it uses in an attempt to provide the "notice of debt" required by

15 U.S.C. §1692g.

45. *Exhibit E* was not sent within five days after *Exhibit A*.

46. It is the practice of SELECT PORTFOLIO to send *Exhibit E* more than five days after *Exhibit A*.

47. *Exhibit E* falsely asserted that Plaintiffs owed the BoA Obligation.

48. *Exhibit E* falsely asserted that "late charges," which "vary from day to day," would continue to accrue on the BoA Obligation.

49. Also on July 24, 2015, SELECT PORTFOLIO mailed Plaintiffs the notice attached as *Exhibit F*.

50. On July 29, 2015, SELECT PORTFOLIO mailed Plaintiffs the letter attached as *Exhibit G*.

51. Defendants contended the BoA Obligation is in default and was in default when they first became involved with it.

## V. CLASS ALLEGATIONS

52. This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

53. Plaintiffs seeks to certify two classes.

54. With respect to the First Class, this claim is brought on behalf of a class of (a) all natural persons, (b) to whom SELECT PORTFOLIO mailed a written communication in the form represented by *Exhibit E* more than five days after a letter in the form represented by *Exhibit A* (c) where *Exhibit A* was mailed on or after a date beginning one year and five days prior to the filing of this action, and (d) ending 21 days after the filing of this Complaint.

55. With respect to the Second Class, this claim is brought on behalf of a class of (a) all natural persons, (b) to whom SELECT PORTFOLIO mailed an initial written communication in the form represented by *Exhibit E*, (c) in an attempt to collect a defaulted mortgage loan whose balance had been accelerated, (d) which stated that the amount of the date would increase due to "late charges…that vary from day to day," where *Exhibit E* was mailed on or after a date beginning one year prior to the filing of this action and ending 21 days after the filing of this Complaint.

56. On information and belief, based on the size of SELECT PORTFOLIO's operations, its use of standardized form documents, the First Class exceeds 40 persons, and, therefore, is so numerous that joinder of all members is not practicable.

57. On information and belief, based on the size of SELECT PORTFOLIO's operations, its use of standardized form documents, the Second Class exceeds 40 persons, and, therefore, is so numerous that joinder of all members is not practicable.

58. The identities of all class members are readily ascertainable from SELECT PORTFOLIO's business records and the records of those businesses and third-party entities on whose behalf it attempts to collect debts.

59. Excluded from the Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

60. There are questions of law and fact common to the Classes, which common issues predominate over any issues involving only individual class members.

> (i) With respect to the First Class, the principal issues are whether SELECT PORTFOLIO's written communications, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692g; and

      (ii)    With respect to the Second Class, the principal issues are whether SELECT PORTFOLIO's written communications, in the form attached as ***Exhibit E***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692g(a)(1), and 1692g(a)(2).

61.    The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

62.    The Plaintiffs will fairly and adequately protect the interests of the Classes defined in this Complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

63.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a)   **<u>Numerosity:</u>** The Plaintiffs are informed and believe, and on that basis alleges, that the Classes defined above is are numerous that joinder of all members would be impractical.

   (b)   **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members.

      (i)    With respect to the First Class, the principal issues are whether SELECT PORTFOLIO's written communications, in the form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692g; and

      (ii)    With respect to the Second Class, the principal issues are whether SELECT

       PORTFOLIO's written communications, in the form attached as ***Exhibit E***, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692g(a)(1), and 1692g(a)(2).

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

64. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

65. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiffs may, in addition to moving for class certification using modified definitions of the Class, Class Claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VI.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

66. Plaintiffs reallege and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

67. Defendants violated the FDCPA. Defendants' violations with respect to their written communications, in the forms attached as ***Exhibit A and E***, include, but are not limited to, the following:

    (a)    Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

    (b)    Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    (c)    Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

    (d)    Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§1692e and 1692e(5);

    (e)    Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(f)     Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

(g)     Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1);

(h)     Failing to provide consumers with notice of their dispute and validation rights with respect to the debts being collected within five days after the Defendants' initial communication with a consumer in violation of 15 U.S.C. § 1692g.

(i)     Failing to correctly state the amount of the debt owed in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(1); and

(j)     Failing to correctly identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(2).

## VII.  PRAYER FOR RELIEF

68.     WHEREFORE, Plaintiffs respectfully request the Court enter judgment in their favor and in favor of the Classes (defined *supra*) as follows:

**A.**     **For the FIRST CAUSE OF ACTION**:

(i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the Classes as previously set forth and defined above;

(ii)     An award of statutory damages for Plaintiffs and the Classes pursuant to 15 U.S.C. § 1692k(a)(2);

(iii)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

and

(iv)   For such other and further relief as may be just and proper.

## VIII.  JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

|  |  |
|---|---|
| Dated: May 31, 2016 | *s/Philip D. Stern* <br> Philip D. Stern <br> STERN•THOMASSON LLP |
| | *s/ Andrew T. Thomasson* <br> Andrew T. Thomasson <br> STERN•THOMASSON LLP |
| | *Attorneys for Plaintiffs, Angel Rivera and Angela Rivera, and all others similarly situated* |

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

We, Philip D. Stern and Andrew T. Thomasson, hereby certify that to the best of our knowledge the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party, other than putative class members, who should be joined in the action at this time.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

|  |  |
|---|---|
| Dated: May 31, 2016 | *s/Philip D. Stern* <br> Philip D. Stern <br> STERN•THOMASSON LLP |
| | *s/ Andrew T. Thomasson* <br> Andrew T. Thomasson <br> STERN•THOMASSON LLP |
| | *Attorneys for Plaintiffs, Angel Rivera and Angela Rivera, and all others similarly situated* |