# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL RIVERA et al., | ) |
|          *Plaintiffs*, | ) Civil Action No: |
|          v. | ) 16-cv-3112 (PGS)(TJB) |
| SELECT PORTFOLIO SERVICING, INC. et al., | ) **MEMORANDUM** |
|          *Defendants*. | ) **AND** |
| | ) **ORDER** |

This matter comes before the Court on Defendant Select Portfolio Servicing, Inc.'s ("Defendant") motion to dismiss Plaintiffs Angel and Angela Rivera's (collectively, "Riveras") Second Amended Complaint for lack of standing pursuant Fed. R. Civ. P. 12(b)(1), and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 38). Riveras contend Defendant's written communications contained false, deceptive, and misleading representations, with regard to their debt, violates provisions of the Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f, and 1692g.

When this matter was first presented to the Court, the Court dismissed the Complaint and permitted Plaintiff to amend the Complaint. The Plaintiff amended the Complaint, and Defendant brought this motion to dismiss for the same reason as its earlier motion. That is, Defendant argues that there is no concrete injury alleged to confer standing upon the Riveras. However, more recent decisions in this district support the Riveras. In reviewing the more recent case law, Plaintiffs have pled sufficient facts to survive Defendant's Motions to Dismiss. *See Thomas v. Youderian*, 232 F. Supp. 3d 656, 664-671 (D.N.J. 2017) (a debt collector's misleading letter, charging the plaintiff a nominal convenience fee, was "barely enough for standing, under the FDCPA"); *Pisarz*

*v. GC Servs. Ltd. P'ship*, No. 16-4552, 2017 WL 1102636, at *6 (D.N.J. Mar. 24, 2017) (a creditor's failure to disclose its identity in a voice message constituted a concrete injury, under sections 1692d and 1692e); *Carney v. Goldman*, No. 15-260, 2016 WL 7408849, at *4-5 (D.N.J. Dec. 22, 2016) (finding an intangible and concrete harm based on misstated debt owed in collection letters); *Blaha v. First Nat'l Collection Bureau*, No. 16-2791, 2016 U.S. Dist. LEXIS 157575, at *20-24 (D.N.J. Nov. 10, 2016) (a debt collector's letter which offered to settle a time-barred debt was sufficient to confer Article III standing). Therefore, the Complaint states a claim upon which relief may be granted, and there are sufficient facts to demonstrate a harm.

## ORDER

IT IS on this 5th day of October, 2017,

**ORDERED** that Defendant's motion to dismiss (ECF No. 38) is denied.

_____
PETER G. SHERIDAN, U.S.D.J.